IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| REED BULLARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2307-STA |
| | ) |
| CLAYTON HOMES OF DELAWARE, INC., | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**
_____

Before the Court is Defendant Clayton Homes of Delaware's Motion to Dismiss (D.E. # 3) filed on May 22, 2009. Plaintiff has filed a response in opposition to the Motion. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff originally filed this case in the General Sessions Court for Shelby County, Tennessee. In his Complaint, Plaintiff alleged that Defendant, his employer, was liable to him for fraud, breach of contract, unjust enrichment, negligence, negligent hire, and negligent supervision. Compl. 1. Plaintiff asserted without elaboration that Defendant had committed these torts and breach by leading Plaintiff to believe that he was covered by a Defendant's employee health insurance benefit when in fact he was not. *Id*.

Defendant filed a Notice of Removal on May 19, 2009, asserting that Plaintiff's Complaint "alleges rights that relate to an employee health insurance plan subject to the

provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*" Defendant's Motion to Dismiss argues that Plaintiff's state law tort claims actually relate to an employee benefit plan and thus are preempted by ERISA. Defendant characterizes the damages Plaintiff seeks simply as the health benefits he claims he was denied. Furthermore, Plaintiff would have to prove that he was entitled to these benefits under the employer-sponsored plan covered by ERISA. Therefore, Defendant seeks the dismissal of Plaintiff's Complaint.

Without citation to any legal authority, Plaintiff responds that his claims are not brought under federal law nor allege a violation of federal law. Plaintiff does not seek the actual benefits but the total amount of his medical bills. In the alternative, Plaintiff seeks leave to amend his Complaint.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

---

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

## ANALYSIS

The Court finds Defendant's Motion well taken and therefore dismisses Plaintiff's state law claims. It is well settled that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein."[9] Plaintiff does not dispute that Defendant's is an ERISA employee benefit plan. "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'"[10] Claims "related to" to an employee benefit plan are preempted whether or not they were so designed or intended.[11] The Sixth Circuit has dismissed similar state law claims sounding in contract and tort when in actuality the claims relate to an ERISA plan.[12] Therefore, it is clear that Plaintiff's claims under Tennessee law are preempted by ERISA.

Plaintiff has requested as alternative relief an opportunity to amend his complaint. Fed. R. Civ. P. 15(a) states, "The court should freely give leave [to amend] when justice so requires." Plaintiff shall, therefore, have twenty (20) days in which to amend his complaint. Failure to amend within the time permitted will result in the dismissal of Plaintiff's case.

---

[9] *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir.1991) (citing 29 U.S.C. § 1144(a). *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

[10] *Cromwell*, 944 F.2d at 1275 (citing *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 730, 732-33, 105 S.Ct. 2380, 2385-86, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)).

[11] *Daniel v. Eaton Corp.,* 839 F.2d 263 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988).

[12] *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583 (6th Cir. 2006) ("As long as ERISA exclusively regulates the activity..., ERISA prevents the distinct state law tort scheme from superimposing an extra layer of regulation on top of the ERISA-regulated plan benefit determination"); *Cromwell*, 944 F.2d at 1276 (affirming dismissal of claims for promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith).

**IT IS SO ORDERED.**

                                             **s/ S. Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: July 30th , 2009.